**Mildred L. WALLS, Petitioner-Appellant,**

v.

**Thurman WALLS, Respondent.**

**No. 42939.**

Missouri Court of Appeals,
Eastern District,
Division Three.

May 12, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 10, 1981.

Application to Transfer Denied Sept. 8, 1981.

Joseph A. Lott, Clayton, for petitioner-appellant.

Kenneth R. Singer, St. Louis, for respondent.

**SNYDER, Judge.**

This is an appeal by a former wife from the trial court's order quashing her execution and garnishment of respondent ex-husband's wages to enforce child support and alimony awards. Respondent moved to quash the execution and garnishment because the awards in the parties' divorce decree were presumed paid and satisfied pursuant to § 516.350, RSMo 1978. The trial court granted respondent's motion to quash after an evidentiary hearing. The trial court's order is affirmed.

Appellant's sole contention upon appeal is that the trial court erred in quashing the execution and garnishment filed December 5, 1979 because § 516.350, RSMo 1978 does not, as contended by respondent, bar appellant's enforcement of the parties' divorce decree, entered February 27, 1969. Section 516.350, RSMo 1978, provides that every judgment, order or decree:

"shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof, or if the same has been revived upon personal service duly had upon the defendant or defendants therein, then after ten years from and after such revival, or in case a payment has been made on such judgment, order or decree, and duly entered upon the record thereof, after the expiration of ten years from the last payment so made, and after the expiration of ten years from the date of the original rendition or revival upon personal service, or from the date of the last payment, such judgment shall be conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever."

■ Section 516.350, RSMo 1978, and predecessor statutes have consistently been held applicable to judgments for periodic alimony and child support payments. *Pourney v. Seabaugh*, 604 S.W.2d 646, 649–650[1, 2] (Mo.App.1980). The judgment is presumed to have been paid and satisfied ten years after the judgment was rendered unless the judgment has been revived or par-

tial payment has been made according to the terms of § 516.350, RSMo 1978, within the ten year period. *Pourney v. Seabaugh, supra.*

Appellant contends she rebutted the statutory presumption of payment by introducing uncontroverted evidence of respondent's payments upon the judgment within ten years after rendition of the judgment and because payments were entered on the record prior to her garnishment action.

The evidence was not clear that respondent had actually made payments on the judgment. Even assuming that he had, the appeal must fail because no payments had been entered on the record.

The record on appeal does not support appellant's contention that payment pursuant to the divorce decree was endorsed upon the record at any time. The trial court's docket sheet contains no entries at all after the February 27, 1969 notation of the divorce decree and before the December 17, 1979 issue of the writ of execution. In fact, no payments were entered on the record after the writ of execution was issued except for payments pursuant to the garnishment.

■ The ten year period for purposes of § 516.350, RSMo 1978, in the case of judgments mandating periodic payments, begins when the judgment is entered and not when payments fall due. If no record entry of payment is made within the ten years following entry of the judgment the presumption of payment in the statute is conclusive. *Pourney v. Seabaugh, supra* at 650[3]. The entry of payment on the record is necessary to rebut the presumption.

■ Appellant argues that no modification of a dissolution decree's award of child support under § 452.370, RSMo 1978 is possible after ten years if payments are not entered on the record. Appellant also argues that a husband could, except for his common law duty of child support, stop paying support after ten years and be free of his responsibilities unless the payments have been recorded. True, but this court is bound by the decision in *Pourney v. Sea-*

*baugh, supra,* and the earlier cases cited in *Pourney.* The law as it exists seems unfair, but if a change is to be made, it must be made by the legislature or by a different interpretation of the statute by the Missouri Supreme Court.

The judgment is affirmed.

CRIST, P. J., and REINHARD, J., concur.