In re the MARRIAGE OF Barbara HOLT (Staats) and Jessie R. Holt.

**Barbara HOLT (Staats), Appellant,**

v.

**Jessie R. HOLT, Respondent.**

No. 63291.

Supreme Court of Missouri, En Banc.

July 6, 1982.

Michael R. Henry, Will Fletcher, Division of Family Services, Jefferson City, for appellant.

George M. Johnson, Springfield, for respondent.

BARDGETT, Judge.

This cause was ordered transferred to this Court by the court of appeals, southern district, because the case involves a determination of the constitutionality of § 516.-350, RSMo 1978, as applied to child-support payments.

The Holts were divorced on January 16, 1970. The decree of divorce ordered respondent-husband to pay $75 per month for the support of each of the two minor children. Respondent made the $150 payments from February 1970 to April or May 1973. In July 1973, the checks began coming from the Air Force Finance and Accounting Center and were in the total amount of $100. These payments stopped after the December 1980 check. On November 5, 1980, appellant-wife sought garnishment in aid of execution for $4,760 in arrearages.

The order for execution and garnishment was issued. Respondent filed a motion to quash, alleging that since the child-support judgment had not been revived within ten

years of rendition, it was conclusively presumed paid under § 516.350, RSMo 1978. On February 17, 1981, the trial court issued its findings of fact and conclusions of law sustaining respondent's motion for the reason that no entry of payment was entered on the court record within ten years of the judgment.

Appellant raises two constitutional attacks against § 516.350, RSMo 1978. First, the statute as applied to child-support judgments violates the equal protection clauses of the United States and Missouri Constitutions because the statute is overinclusive by invidiously discriminating against these children through barring enforcement of such judgments before they are stale. Second, the conclusive presumption of payment after ten years violates due process because it divests children of a vested right by creating an irrebuttable presumption that is not universally true.

The effect of appellant's arguments implies that ten years from the date of the order child-support payments invariably and without exception are conclusively presumed paid. This is not true. Nevertheless, it is unnecessary to reach the constitutionality of § 516.350 with regard to the manner in which the statute was applied in this case because of the disposition which this Court reaches. Additionally, for the same reason, it is unnecessary to determine the manner in which a judgment may be revived or tolled under § 516.350.

Section 516.350 has been found applicable to periodic payments incident to dissolution. *See, e.g., Mayes v. Mayes,* 342 Mo. 401, 116 S.W.2d 1 (1938). Missouri cases have held that the statutory period begins to run when the order for installment payments is entered.[1] *See, e.g., id.; Walls v. Walls,* 620 S.W.2d 11 (Mo.App.1981); *Pourney v. Sea-*

*baugh,* 604 S.W.2d 646 (Mo.App.1980). These and other cases, however, have failed to recognize the peculiar nature of future periodic payments and instead have relied on cases which are inapplicable.

For instance, *Walls v. Walls, supra,* cited *Pourney v. Seabaugh, supra,* for the proposition that § 516.350 applies to periodic orders and the statutory period commences when the order is entered. *Pourney,* in turn, cited *Mayes v. Mayes, supra,* for the same proposition. *Mayes* relied on *Nelson v. Nelson,* 282 Mo. 412, 221 S.W. 1066 (banc 1920); *Eubank v. Eubank,* 29 S.W.2d 212 (Mo.App.1930); *State ex rel. Meyer v. Buford,* 18 S.W.2d 526 (Mo.App.1929); *Hauck v. Hauck,* 198 Mo.App. 381, 200 S.W. 679 (1918); and *Dreyer v. Dickman,* 131 Mo. App. 660, 111 S.W. 616 (1908).

These latter cases cite either each other, the following cases, or both for support: *Chapman v. Chapman,* 269 Mo. 663, 192 S.W. 448 (1917); and *Biffle v. Pullman,* 114 Mo. 50, 21 S.W. 450 (1893). In neither *Chapman* nor *Biffle,* however, was the question whether the then effective statute of limitations applicable even presented.

In *Chapman,* the former wife sought a judgment for alimony and attempted to sequester the real property of her former husband. The Court doubted that sequestration (equitable remedy) could issue on a judgment for alimony (action at law). In any event, the Court held there was no valid judgment on which to operate because a trial court has no jurisdiction to render a judgment for alimony on constructive (not personal) service.

In *Biffle,* the wife on divorce was awarded $40 gross alimony—a *sum certain judgment.* On that judgment execution issued and the sheriff levied on the husband's land.

1. The cases, however, are inconsistent with respect to what acts will extend that ten-year period. Several cases have held or implied that payments alone within ten years extend the limitation period. *See, e.g., Peterson v. Peterson,* 273 S.W.2d 239 (Mo.1954); *Mayes v. Mayes,* 342 Mo. 401, 116 S.W.2d 1 (1938); *Wardlow v. Denny,* 579 S.W.2d 842 (Mo.App. 1979); *Vogel v. Vogel,* 333 S.W.2d 306 (Mo. App.1960); *Eubank v. Eubank,* 29 S.W.2d 212

(Mo.App.1930); *State ex rel. Meyer v. Buford,* 18 S.W.2d 526 (Mo.App.1929). *But see Walls v. Walls,* 620 S.W.2d 11 (Mo.App.1981); *Tudor v. Tudor,* 617 S.W.2d 610 (Mo.App.1981); *Schmidt v. Schmidt,* 617 S.W.2d 601 (Mo.App. 1981); *Pourney v. Seabaugh,* 604 S.W.2d 646 (Mo.App.1980); *Rincon v. Rincon,* 571 S.W.2d 475 (Mo.App.1978); *Swan v. Shelton,* 469 S.W.2d 943 (Mo.App.1971).

Although the husband claimed the land as homestead, it was sold to the wife at the sale. Thereafter, she brought an ejectment action to oust her former husband from his homestead. This was the case before the Court. The award of gross alimony was found to be a "general judgment for so much money". Hence, a wife with execution could only levy on that "subject to levy by any other money creditor" on other judgments. By statute, homesteads were exempt from being levied on by creditors. Therefore, the Court held that the homestead was exempt from levy of ordinary execution issued on a judgment of gross alimony.

It appears that the cases relying originally on *Chapman* and *Biffle* reasoned that since orders for alimony and child support were permitted by statute, they were actions at law. *Chapman.* As actions at law, they were subject to the same incidents as money judgments in other actions at law. *Biffle.* Therefore, as stated by the *Mayes* Court:

> It has several times been held in this state that a judgment for alimony, whether in gross or payable in periodic installments, is subject to the same incidents as other judgments in actions at law and becomes dormant ten years after rendition unless kept alive by payments within such period or by revival.

342 Mo. at 406, 116 S.W.2d at 3. Even though actions for granting maintenance and child support are governed by statute and once execution is granted the judgment for past due maintenance and child support operates as any other sum certain judgment (and should be subject to the same incidents as held in *Biffle*), what *Mayes* and other cases failed to recognize is that decretal installment payments and sum certain judgments, when originally entered, are categorically different. Because of these differences they are incapable of being treated as the same and are not analogous.

As the Ohio Supreme Court stated in *Smith v. Smith*, 168 Ohio St. 447, 156 N.E.2d 113 (1959):

> An order or judgment for installment support payments is a judgment unlike any other because of its uncertainty of amount, although it is similar to an award of installment alimony payments where the total alimony awarded by the court is not designated as a sum certain at the time judgment is rendered. The usual order for installment support payments is not rendered in the form of a judgment for a sum certain, payable in installments, but, as in the instant case, it is usually an order to pay a certain amount periodically until the minor . . . reaches a certain age . . . .

*Id.* at 449, 156 N.E.2d at 116.

All other judgments remedy past wrongs in a sum certain. Periodic maintenance and child-support orders are aimed toward the future. The word "order" is used because at the time a decree awarding maintenance or child support is issued, it looks to the future and it is not at that time (when entered) a judgment of a sum then due and owing as are most other awards of money. Other money judgments, by their nature, constitute a fixed sum. The amount of future installment payments is uncertain. Unlike sum certain judgments, they are subject to future modifications, contingencies, and even termination. *See, e.g., Beckmann v. Beckmann*, 358 Mo. 1029, 1035, 218 S.W.2d 566, 570 (banc 1949); §§ 452.-075, .370, RSMo 1978. Consequently, while execution may issue at any point within the ten years after rendition of a sum certain judgment (thereby allowing collection of the full amount of judgment), execution cannot issue with respect to future installment payments. Hence a former spouse (obligee) cannot collect presently future periodic payments.

The reasoning of the Ohio Supreme Court in *Smith v. Smith, supra*, is sound and would be applied in this case, which would afford relief to the appellant under the statute (§ 516.350) in its present form.

In view of the Missouri General Assembly's passage, in its present session, of Sen-

ate Bill 468,[2] however, which was signed by the Governor on June 22, 1982, the Court is of the view that the appropriate course is to afford appellant the benefit of the new law. In this way there will be a consistent and uniform guide for courts when adjudicating similar cases.

Appellant's periodic judgment has not been adjudicated to have lapsed, but rather is still in litigation. In a similar situation, concerning the presumption of dependence under Missouri's Workers' Compensation Laws, this Court extended the benefit of the new statute, prior to the statute's effective date, to a widower whose case was in litigation when the statute was passed. *Wengler v. Druggists Mut. Ins. Co.*, 601 S.W.2d 8 (Mo. banc 1980). The same course is followed here.

The judgment of the circuit court is reversed. The cause is remanded with directions that the trial court apply S.B. 468 (§ 516.350.2) to this action for garnishment in aid of execution and enter judgment accordingly.

RENDLEN, SEILER, MORGAN and HIGGINS, JJ., concur.

WELLIVER, J., concurs in result.

DONNELLY, C. J., dissents.

---

**2.** Section 516.350 has been amended by S.B. 468 by adding subsection two thereto which provides:

> In any judgment, order, or decree awarding child support or maintenance, each periodic payment shall be presumed paid and satisfied after the expiration of ten years from the date that periodic payment is due, unless the judgment has been otherwise revived as set

out in subsection 1 of this section. This subsection shall take effect as to all such judgments, orders, or decrees which have not been presumed paid under subsection 1 of this section as of August 31, 1982.

Section 207.025 relating to liens on real estate resulting from child support orders was also amended. *See* S.B. 468, § 24 (to be codified at § 207.025, RSMo).