Clifford R. FERGUSON, Respondent,

v.

Zora P. FERGUSON, Appellant.

Hannah R. NIEDORF, Appellant,

v.

Saul NIEDORF, Respondent.

Marie FLYNN f/k/a Marie DeSantis, Respondent,

v.

Andreino DeSANTIS, Appellant.

Nos. 63716, 63760 and 63784.

Supreme Court of Missouri, En Banc.

Aug. 2, 1982.

324 ■

Richard E. Duggan, Kansas City, for Zora P. Ferguson.

Alan E. South, Kansas City, for Clifford R. Ferguson.

Allan F. Stewart, Clayton, for Hannah R. Niedorf.

Charles R. Oldham, Anne Maloney, St. Louis, for Saul Niedorf.

Blair Drazic, St. Louis, for Andreino DeSantis.

Elizabeth C. Kennedy, St. Louis, for Marie Flynn.

PER CURIAM.

In *Ferguson v. Ferguson*, the western district, after opinion, ordered the cause transferred to this Court because of an apparent conflict with its opinion and both the eastern district cases of *Pourney v. Seabaugh*, 604 S.W.2d 646 (Mo.App.1980), and *Swan v. Shelton*, 469 S.W.2d 943 (Mo.App. 1971), and this Court's opinions in *Northwestern Brewers Supply Co. v. Vorhees*, 356 Mo. 699, 203 S.W.2d 422 (1947), and *Wormington v. City of Monett*, 358 Mo. 1044, 218 S.W.2d 586 (banc 1949).

The eastern district in *Niedorf v. Niedorf* and *Flynn v. DeSantis* noted the apparent conflicts, and because *Ferguson* had been previously transferred to this Court, ordered those two cases transferred here as well.

The issue in these cases of the applicability and effect of § 516.350, RSMo 1978, to periodic payments incident to dissolution has been decided recently in *Holt v. Holt*, 635 S.W.2d 335 (Mo. banc 1982).

Section 516.350, RSMo 1978, declared that judgments were conclusively presumed paid ten years after original rendition absent some exception found in the statute that would extend the time period. In 1982 the legislature amended § 516.350, RSMo 1978 by reenacting the former statute as section 1 and adding one additional section—section 2. (S.B. 468–81st General Assembly Second Regular Session). In view of the legislative reenactment, the clear intent of the general assembly expressed in the reenacted subsection 1 was to require either a revival "upon personal service duly had upon the defendant or defendants therein," *or* a payment made on the judgment "and duly entered upon the record thereof" in order to revive the judgment and extend the time period past "the expiration of ten years from the date of the original rendition" of the judgment under that subsection.

Subsection 2 represents the legislative attempt to ameliorate the harshness of and hardships created by former § 516.350, RSMo 1978, reference child-support or maintenance orders. By reason of subsection 2, the ten-year period with respect to each periodic child-support or maintenance payment runs from the due date of the payment. And each payment "shall be presumed paid and satisfied after the expiration of ten years from the date that periodic payment is due, *unless the judgment has been otherwise revived as set out in subsection 1 of this section.*"

The causes are reversed and remanded with directions that the trial courts proceed in accordance with *Holt v. Holt* and the views expressed herein.

All concur.