**Patricia A. STACY now known as
Patricia A. Weiler, Respondent,**

v.

**Larry G. STACY, Appellant.**

**No. 45309.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 21, 1982.

Rehearing Denied Oct. 15, 1982.

Stanley Schechter, St. Louis, for appellant.

Frank N. Carter, Jr., St. Louis, for respondent.

REINHARD, Presiding Judge.

Husband appeals from the trial court's denial of his motion to quash the garnish-

ment in aid of execution that wife sought in order to collect almost $13,000.00 in past due child support payments. We affirm.

The parties were divorced on September 22, 1966. The decree of that date ordered husband to pay to wife $30.00 per week as child support. On July 16, 1981, wife filed her most recent request for execution and garnishment, and the writ was issued on July 27, 1981. On October 19, 1981, husband filed a motion to quash the execution and garnishment on the ground that the court's 1966 order for child support was presumed paid under § 516.350, RSMo.1978. The court denied his motion, and husband appeals.

On appeal, husband contends the trial court erred in denying his motion because, pursuant to § 516.350, the order for child support is presumed paid. That section provides that any judgment, order, or decree is presumed paid at the expiration of 10 years unless, within the 10-year period, the judgment, order, or decree is revived or a payment is duly entered on the record. Husband argues that, because the trial court's 1966 decree ordering him to pay child support was not revived and no payment was entered on the record, the child support is conclusively presumed paid.

In *Holt v. Holt*, 635 S.W.2d 335 (Mo.banc 1982), the Missouri Supreme Court considered and rejected the argument husband makes here. Applying the rule and reasoning announced in *Holt*, we find the trial court did not err in denying husband's motion to quash.

Affirmed.

SNYDER and CRIST, JJ., concur.