CRANDALL, Presiding Judge.
In this action, a former wife appeals the trial court’s order quashing the garnishment of respondent ex-husband’s wages to enforce a judgment for child support. The trial court’s order is reversed and remanded.
On May 5, 1969, a divorce was granted to Barbara and Clarence Foster. The court granted custody of the two children of the marriage to appellant, Barbara Foster, and awarded her child support in the amount of $15 a week per child.
On February 19, 1980, appellant filed a request for execution on the May 5, 1969 judgment. Respondent, Clarence Foster, filed a motion to quash, which was denied. Appellant sought execution and garnishment again on June 2, 1980. Respondent again filed a motion to quash, this time *842 raising the defense that the judgment was conclusively presumed to be paid under § 516.350, RSMo (1978). The trial court sustained respondent’s motion to quash.
Respondent argues that the trial court properly sustained his motion to quash the garnishment because the judgment on which garnishment was sought was conclusively presumed to have been paid according to the terms of § 516.350, RSMo (1978), because more than ten years had passed since the judgment was entered during which time there had been no revival of the judgment or payments entered on the court record. This argument is consistent with prior court decisions. See Pourney v. Seabaugh, 604 S.W.2d 646 (Mo.App.1980); Walls v. Walls, 620 S.W.2d 11 (Mo.App.1981).
Respondent argues that any change in the law must be made by the Missouri Legislature or by a different interpretation of the statute by the Missouri Supreme Court. This was done by the passage of S.B. 468 [1] and the decision of Holt v. Holt, 635 S.W.2d 335 (Mo. banc 1982).
In Holt, the parties were divorced on January 16,1970. At that time a judgment was entered ordering the husband to pay $75 per month for the support of two minor children. Although sporadic payments were made, there was no entry of payment on the court record within ten years. On November 5, 1980, the wife caused to be issued a garnishment in aid of execution for arrearages in child support. The trial court sustained the husband’s motion to quash based upon § 516.350, RSMo (1978).
On appeal, the Missouri Supreme Court reversed the trial court. In its opinion the court criticized Pourney and Walls stating that: “These and other cases, however, have failed to recognize the peculiar nature of future periodic payments and instead relied on cases which are inapplicable.” The court concluded that the wife was entitled to relief under the statute, § 516.350, in its present form and further stated: “In view of the Missouri General Assembly’s passage, in its present session, of Senate Bill 468, however, which was signed by the Governor on June 22, 1982, the Court is of the view that the appropriate course is to afford appellant the benefit of the new law. In this way there will be a consistent and uniform guide for courts when adjudicating similar cases.”
Applying the reasoning of the Holt case,[2] we conclude that absent revival of the judgment or payment on the court record, the presumption of payment after ten years shall only apply from the date that the periodic payment is due. Any delinquency thereafter is not entitled to the statutory presumption.
The order of the trial court sustaining respondent’s motion to quash is reversed and remanded. Respondent’s motion for damages pursuant to Rule 84.19 is denied.
REINHARD and CRIST, JJ., concur.

. S.B. 468 amended § 516.350, RSMo (1978), by addition subsection 2 which provides:
In any judgment, order, or decree awarding child support or maintenance, each periodic payment shall be presumed paid and satisfied after the expiration of ten years from the date that periodic payment is due, unless the judgment has been otherwise revived as set out in subsection 1 of this section. This subsection shall take effect as to all such judgments, orders, or decrees which have not been presumed paid under subsection 1 of this section as of August 31, 1982.

. See also Ferguson v. Ferguson, 636 S.W.2d 323 (Mo. banc 1982).