### Linda Lee SANNER, formerly Forbes, Appellant,

v.

### Robert James FORBES, Respondent.

### No. 64231.

Supreme Court of Missouri, En Banc.

May 31, 1983.

Ronald J. Kaden, Clayton, for appellant.

Jacquelyn J. Givens, Gary A. Eberhardt, St. Louis, for respondent.

WELLIVER, Judge.

The issue in this case is whether appellant Linda Lee Sanner may properly levy execution on property owned by respondent Robert James Forbes for satisfaction of an unpaid child support judgment. We hold that she may do so.

Linda obtained an order for child support in connection with her divorce from Robert in Illinois in 1967. Pursuant to that order Robert was to pay Linda $20 per week for the support of the parties' minor child. On April 3, 1973, the Illinois divorce decree and child support order were registered in Missouri by the Circuit Court of St. Louis County under the Uniform Enforcement of Foreign Judgments Law, § 511.760, RSMo 1969.[1] Nothing in the limited record before us indicates whether any child support payments were ever made.

---

1. The current version of § 511.760 is at RSMo 1978. Henceforth all statutory references are to RSMo 1978 unless otherwise indicated.

On June 10, 1981, Linda filed a request for a special execution on real property that Robert owned in St. Louis County in order to collect $5,000 in unpaid child support. Robert moved to quash execution on July 29, 1981, on the ground that under §§ 513.-020 and 516.350,[2] the judgment was presumed paid because it had not been revived within ten years after its rendition. Alternatively, Robert denied that any money was due and owing under the support order. The trial court, without explanation, sustained the motion to quash execution and ordered the sheriff to cease execution activity.

Linda appealed to the Missouri Court of Appeals, Eastern District, which adopted an opinion affirming the judgment. The court of appeals held that registration of the Illinois judgment in Missouri neither revived the Illinois judgment nor constituted a new judgment and that, as a result, the execution was barred under § 516.350.

The court of appeals opinion was rendered prior to our decision in *Holt v. Holt,* 635 S.W.2d 335 (Mo. banc 1982). In that case we held that the version of § 516.350 in effect at that time was inapplicable to orders for periodic support payments. *See*

*id.* at 337. At the time *Holt* was decided, however, the governor had signed into law a bill amending § 516.350 to provide in a new subsection (2) that the ten-year period of limitations with respect to each periodic child support or maintenance payment runs from the date such payment is due. *Id.* at 338. *See supra* note 2. *Holt* recognized this change and held that the amended statute should be applied to that case and others like it so that the courts below would have "a consistent and uniform guide" when adjudicating cases of this type. 635 S.W.2d at 338.

Following *Holt,* we transferred this case pursuant to Rule 83.03, and we review as if it were on original appeal, Rule 83.09. We hold, on the authority of *Holt,* that Linda is not barred from seeking to levy execution on property owned by Robert in order to satisfy any unpaid child support obligation.[3] The judgment of the trial court therefore must be reversed. The case must also be remanded, for we are unable to discern from the limited record before us the amount of child support, if any, that is unpaid. Nothing in the record indicates that any child support was ever paid, but Robert alleged as an alternative basis for

**2.** Section 513.020 provides that "[e]xecutions may issue upon a judgment at any time within ten years after the rendition of such judgment."

The version of § 516.350 in effect at the time the motion was made provided:

Every judgment, order or decree of any court of record of the United States, or of this or any other state, territory or country, shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof, or if the same has been revived upon personal service duly had upon the defendant or defendants therein, then after ten years from and after such revival, or in case a payment has been made on such judgment, order or decree, and duly entered upon the record thereof, after the expiration of ten years from the last payment so made, and after the expiration of ten years from the date of the original rendition or revival upon personal service, or from the date of the last payment, such judgment shall be conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever.

That section was amended in 1982 by S.B. 468, § A, sec. 516.350, 1982 Mo.Laws 627, 644–45. The amendment made the above language subsection (1) of § 516.350 and excepted therefrom "any judgment, order, or decree awarding child support or maintenance which mandates the making of payments over a period of time." *See* § 516.350(1), RSMo Supp.1982. The amendment also added a new subsection (2), which provides:

In any judgment, order, or decree awarding child support or maintenance, each periodic payment shall be presumed paid and satisfied after the expiration of ten years from the date that periodic payment is due, unless the judgment has been otherwise revived as set out in subsection 1 of this section. This subsection shall take effect as to all such judgments, orders, or decrees which have not been presumed paid under subsection 1 of this section as of August 31, 1982.

§ 516.350(2), RSMo Supp.1982.

**3.** In view of this holding, it is unnecessary for us to consider whether the court of appeals was correct in its assessment of the effect of registration of the Illinois judgment in Missouri.

his motion to quash execution that no money was due and owing under the support order. The trial court held a hearing on the motion to quash execution but gave no explanation for its ruling, and consequently we do not know whether its ruling was based on a finding that the action was barred by § 516.350 or a finding that no support was unpaid.

The judgment is reversed, and the case is remanded for further proceedings consistent with *Holt* and this opinion.

All concur.