**Mildred WALLS, Appellant,**

v.

**Thurman WALLS, Respondent.**

No. 46984.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 9, 1984.

Motion For Rehearing and/or Transfer to
Supreme Court Denied
July 12, 1984.

Joseph A. Lott, Clayton, for appellant.

Kenneth R. Singer, St. Louis, for respondent.

CLEMENS, Senior Judge.

Wife appeals from the circuit court's January 24, 1983 order denying her motion for execution and garnishment. She based this on the original decree of divorce entered February 27, 1969. That decree awarded her alimony and child support, no part of which had been paid.

This is wife's *second* motion for execution. Her first motion was denied by the circuit court on the ground her original judgment had lapsed under the 10-year statute of limitations. That denial of execution was affirmed on appeal. See *Walls v. Walls*, 620 S.W.2d 11 (Mo.App.1981).

In *Walls* the court relied on the then existing statute, Section 516.350. It declared every judgment

> "shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof, ... such judgment shall be conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever.... The ten year period for purposes of § 516.350, RSMo. 1978, in the case of judgments mandating periodic payments, begins when the judgment is entered and not when payments fall due."

Wife's present motion for execution on the same original 1969 judgment is bot-

tomed on a 1982 change in the statutory period of limitation, RSMo. 516.350.2. Thereby the ten-year limitation period no longer begins at the inception of the decree; instead it begins "ten years after a periodic payment is due."

■ It is a basic principle that statutes of limitation do not extinguish a cause of action but merely bar its remedy. Since statutes of limitation are legislatively imposed they may be legislatively changed.

The new statute of limitations, Section 516.350 RSMo. 1982, effective August 31, 1982, *excludes* from the ten-year bar "any judgment ... awarding ... maintenance which mandates the making of payments over a period of time ..." That is the very nature of a judgment for spousal support.

■ Accordingly we hold that plaintiff-wife's maintenance judgment was then renewed by the cited statute. Her plea for alimony should therefore have been granted for all sums falling due after August 31, 1982.

Reversed and remanded accordingly.

KAROHL, P.J., and REINHARD and CRANDALL, JJ., concur.