**Kenneth L. RIGGS, Plaintiff-Appellant,**

v.

**J.D. ROHRER and Woodward, Rohrer and Mazzei, P.C., Defendants-Respondents.**

No. 13600.

Missouri Court of Appeals,
Southern District,
Division Three.

Oct. 31, 1984.

David R. Swimmer, Clayton, for plaintiff-appellant.

John J. Horgan, Moser; Marsalek, Carpenter, Cleary, Jaeckel & Keaney, St. Louis, Woodward, Rohrer & Mazzei, P.C., Steelville, for defendants-respondents.

GREENE, Judge.

Plaintiff, Kenneth L. Riggs, sued defendants, who were lawyers, for alleged legal malpractice in consenting to revival of a judgment for unpaid child support owed by Riggs in an amount in excess of $10,000.

Defendants filed a motion to dismiss Riggs' petition for failure to state a claim on which relief could be granted. The motion was based on Rule 55.27(a),[1] the pertinent part of which states:

> If, on a motion asserting defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 74.04, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 74.04.

Defendants filed suggestions in support of their motion, together with a copy of the decree of the dissolution of the marriage of Riggs and his former wife, Cathy, and an affidavit of the assistant prosecuting attorney who had filed a contempt proceeding against Riggs for failure to pay his child support. Riggs' counsel filed suggestions in opposition to the motion to dismiss and the parties stipulated the matters would be submitted on briefs.

Defendants' theory in support of their motion was that it was crystal clear that Riggs owed the child support money in question, that the total amount assessed against Riggs upon revival of the judgment represented 10 years' payments of $20 a

---

**1.** All references to rules are to Missouri Rules of Court, V.A.M.R.

week for the time period immediately preceding the revival, and that Riggs was liable for those unpaid amounts under the doctrine of *Holt v. Holt*, 635 S.W.2d 335 (Mo.1982). They also argued that plaintiff's petition did not allege any controverted facts, and that there was no genuine issue as to any material fact. Riggs' attorney did not request leave of the court to amend his petition so as to meet the objections raised by the responsive pleadings, as permitted by Rule 55.33(a).

The trial court sustained the motion to dismiss by written order entered on November 30, 1983, which reads, "Comes now the court and being advised in the premises, having reviewed the file and legal memorandums of the parties herein and the parties having waived oral argument and does hereby sustain the defendants' motion. Costs taxed against plaintiff." Plaintiff's lawyer did not request the trial court to amend its order so as to show that it amounted to a dismissal without prejudice, which would have given Riggs an opportunity to amend his petition so that it could state a cause of action.

Riggs' counsel then filed a notice of appeal to this court followed by the filing of a brief. The brief was notably deficient, as it did not comply with the requirements of Rule 84.04(c), in that it did not contain a fair and concise statement of the facts relevant to the questions presented for determination, and did not comply with Rule 84.04(d) in that the point relied on portion of the brief did not state wherein and why the ruling of the trial court complained of was erroneous.

On April 12, 1984, this court notified plaintiff's counsel of the deficiencies, advised that it did not excuse the non compliance with the court rules, and notified plaintiff that unless an additional brief was filed on or before May 2, 1984, correcting the deficiencies in question, the appeal would be dismissed. On May 2, 1984, plaintiff's attorney filed in this court what was entitled appellant's corrected brief, statement and argument. The so-called statement of facts in the "corrected brief" reads as follows:

On March 8, 1983, Appellant, herein filed a Petition for Damages, with paragraphs 4, 5, 9 and 10 listing over seventeen (17) acts of miseasance [sic] and nonfeasance by Defendants. No Motion to make those pleadings more definite or certain as to Notice of Claims was ever requested.

Those allegations dealt with advise [sic] and representations Defendants made to Plaintiff as well as consequences of Plaintiff following said advise [sic]. They further plead Defendants' failure to deal, at all, with the flaws presented by the other side (L.F. page 7).

On September 22, 1983, Defendants herein submitted their Motion to Dismiss, without any argument (L.F. page 6). On November 30, 1983, the Judge, without hearing evidence or granting any leave to amend, sustained Defendants' Motion to Dismiss, from which this appeal flows (L.F. pages 3 and 1).

The corrected "Points Relied On" read as follows:

The trial court deprived appellant herein of a trial on merits by sustaining defendants' motion to dismiss plaintiff's petition. This ruling contained two errors:

(A) The purported failure to state a cause of action, in which appellant put defendant on notice of actions which he could have submitted to a jury for determination; and

(B) Without hearing any evidence or argument whatsoever, failing to grant leave to amend said petition, if necessary pursuant to V.A.M.R. 67.06, bars plaintiff from the courthouse.

On May 9, 1984, pursuant to Rule 84.08(b), defendants filed a motion to dismiss Riggs' appeal for the reason that plaintiff had failed to comply with this court's order of April 12, 1984. The motion is well taken.

The so-called statement of facts set out in the corrected brief is nothing more than a skeletal outline of conclusions concerning the pleadings and the trial court's order.

There is not even a cursory attempt to summarize any alleged facts relative to the controversy. There is nothing in the "Points Relied On" that even remotely hints as to "wherein and why" the trial judge's order was erroneous.

When Riggs was advised by this court of the deficiencies of his first brief, he was told, through reference to Rule 84.04 and the citation of *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978), how to prepare his corrected brief in order to comply with the rules of the court. He ignored this advice.

The rules of appellate practice are simple. Their purpose is to aid the appellate courts in getting to the heart of a dispute with a minimum of difficulty which is most important in these days of overloaded court dockets and serious problems crying for resolution. As such, they are to be obeyed by all who practice here. Just rules, fairly and evenly enforced, harm no man. Overlooking the obvious ignoring of court rules harms those who labor to follow the rules and obey the law. We decline to participate in such a process which, if indulged in, would destroy respect for the rules of the court, and those who make them. *Sullivan v. Holbrook*, 211 Mo. 99, 109 S.W. 668, 670 (1908).

This court spent a great deal of time reviewing appellant's first brief. We then provided him the courtesy and opportunity of amending that brief to conform to appellate rules and, upon the return of the purported amended brief, we have once again expended time reviewing and trying to search out the much needed information which should have been supplied by the appellant. The case loads carried by the courts of today do not permit our ignoring such flagrant violations of the rules of this court.

Respondents' motion to dismiss the appeal for violations of Rules 84.04(c) and 84.04(d) is sustained. Appeal dismissed as permitted by Rule 84.08(a).

CROW, P.J., and HOGAN and TITUS, JJ., concur.