**Harold IVIE, Appellant,**

v.

**MISSOURI DEPARTMENT OF SOCIAL SERVICES, DIVISION OF CHILD SUPPORT ENFORCEMENT, Respondent.**

**No. 16532.**

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 7, 1990.

Richard D. Bender, Sherwood, Honecker & Bender, Springfield, for appellant.

Janet Garrett, Springfield, for respondent.

PARRISH, Judge.

This appeal involves a determination of what is required in order to revive a judgment for periodic payments of child support and negate the presumption of payment set forth in § 516.350.2.[1] Specifically, the question presented is whether a judgment for periodic payments of child support is revived by making a payment on the judgment and duly entering that payment upon the trial court's record.

Harold Ivie, appellant, was previously married to Diana (Ivie) Sartin. That marriage ended in divorce. The divorce was granted May 19, 1970, by the Circuit Court of Webster County. There were four children of the marriage. The divorce decree awarded custody of the children to Diana and entered judgment for child support against Harold. Harold was ordered to pay child support in the amount of $130 per month. From May 1970, to July 1970, Harold paid a total of $290 child support. There is no showing that Harold paid any additional child support until May 1981. Records of the Circuit Clerk of Webster County show a $25 payment on May 11, 1981.

On November 17, 1988, an administrative order was entered by the director of the Division of Child Support Enforcement of the Missouri Department of Social Services directing appellant to pay an arrearage in child support in the amount of $21,884.84. The arrearage was for the unpaid child support that had accrued through February 28, 1986. The administrative order further directed appellant to pay monthly child support in the amount of $130 in accordance with the prior court order. § 454.476.[2] It directed appellant to pay monthly payments in the amount of $195 to the Circuit Clerk of Webster County, as trustee, each to be applied $65 toward the arrearage and $130 for the current month's child support. § 454.495.

Following entry of the administrative order, appellant requested and was granted an administrative hearing. § 454.476.4. At that hearing, appellant contested the amount of the arrearage. Appellant contended that each installment of periodic child support payment is presumed paid after ten years unless revived by personal service upon the obligor. He argued that there had been no proceeding to revive the judgment prior to November 17, 1988—the date the administrative order was entered —and, therefore, that the amount of the arrearage was the amount of unpaid installments for the ten years immediately preceding that date. Appellant contended

---

1. All references to statutes are to RSMo 1986 unless otherwise stated.

2. § 454.476 states, in part:

1. If a court order has previously been entered, the director may enter an administrative order in accordance with the court order....

that, calculated in this manner, the correct amount of the arrearage was $9,241.04.

The hearing officer found against appellant and determined the arrearage to be $20,614.84, as of November 17, 1988, and directed the administrative order to be amended to so state. Appellant then filed a petition for judicial review in the Circuit Court of Greene County. The circuit court affirmed the administrative order. Appellant now appeals the decision of the circuit court. This court affirms.

Appellant contends that the provisions of § 516.350 do not support the trial court's decision. He argues that unless a judgment that requires periodic payments of child support is revived in accordance with Rule 74.09, it cannot be enforced as to unpaid installments that have been due longer than ten years. He argues that making a payment on such a judgment, that is duly entered upon the court record, does not revive the judgment. Appellant succinctly summarizes his argument in his brief filed with this court,[3] as follows:

This case is controlled by Section 516.-350, RSMo 1986, which makes a distinction between judgments for periodic child support and other judgments. The second paragraph of Section 516.350, provides:

"In any judgment, order or decree awarding child support or maintenance, each periodic payment shall be presumed paid and satisfied after the expiration of ten years from the date that periodic payment is due, unless the judgment has otherwise been revived as set out in subsection 1 of this section. This subsection shall take effect as to all such judgments, orders or decrees which have not been presumed paid under subsection 1 of this section as of August 31, 1982."

.  .  .  .  .

Subsection 1 of Section 516.350, RSMo 1986, dealing generally with "every judgment, order or decree of any court of record of the United States, ... *except* for any judgment, order or decree *awarding child support ...*" [emphasis in original], provides that judgments are presumed paid and satisfied after the expiration of ten years from the date of the original judgment, unless (1) "revived upon personal service duly had upon the Defendant" then after ten years from and after such revival, or (2) in the case a payment has been made on such judgment, and duly entered upon the record thereof, after the expiration of ten years from the last payment so made.

The statute thus makes a distinction between "revival" and payments made on the records of the circuit clerk. Revival is a term of art (see Rule 74.09 and its predecessors) and is different and distinct from the extension of a judgment based upon payments shown on the records of the circuit clerk. Judgments for periodic child support are treated differently from other judgments because each scheduled installment is the equivalent of a separate judgment. Thus no revival is required to give effect to installments due more than 10 years from the date of judgment. On the other hand, payments shown of record do not necessarily show that past due installments have not been paid. Those payments may be in satisfaction of current or future obligations.

Stated otherwise, the legislature could have said that child support judgments, orders and decrees are presumed paid after ten years unless otherwise revived or *payments are shown on the records of the circuit clerk.* Because there was no revival of the judgment, within the meaning of Section 516.350, RSMo, prior to November, 1988, Petitioner respectfully submits that all payments due more than ten years before the date of the November, 1988 Order are presumed paid and are uncollectible by the State, and that therefore the correct amount of arrearage is $9,241.01.

Appellant's position is well stated. However, § 1.010 requires that "all acts of the general assembly, or laws, shall be liberally

---

**3.** The respective counsels for both appellant and respondent filed concise, accurate, well-written briefs. It is appropriate that they be commended for jobs well done.

construed, so as to effectuate the true intent and meaning thereof." As stated in *State v. Schwartzmann*[4] *Service, Inc.*, 225 Mo.App. 577, 581, 40 S.W.2d 479, 480 (1931), "[i]t is a cardinal rule, universally accepted, that, in the exposition of a statute, the intention of the lawmaker will prevail over the literal sense of the terms; its reason and intention will prevail over the strict letter." And, in *State ex rel. Zoological Park Subdistrict, St. Louis v. Jordan,* 521 S.W.2d 369, 372 (Mo.1975), "[t]he basic rule of construction of a statute is to seek the intention of the legislature, [citation omitted], which when possible shall be ascertained from the words used by giving them their usual, plain and ordinary meaning so as to promote the object and manifest purpose of the statute."

As stated in appellant's brief, the decision in this case is controlled by § 516.350. That statute was enacted in its present form in 1982. It was amended in 1982 to address the special problem presented by judgments that direct payment of child support in periodic installments.

The Supreme Court of Missouri discussed the 1982 amendment to § 516.350, including the legislative intent in enacting that amendment, in *Ferguson v. Ferguson,* 636 S.W.2d 323, 324 (Mo. banc 1982). The court, in *Ferguson*, stated:

> In 1982 the legislature amended § 516.350, RSMo 1978 by reenacting the former statute as section 1 and adding one additional section—section 2. (S.B. 468—81st General Assembly Second Regular Session). In view of the legislative reenactment, the clear intent of the general assembly expressed in the reenacted subsection 1 was to require either a revival "upon personal service duly had upon the defendant or defendants therein," *or* a payment made on the judgment "and duly entered upon the record thereof" in order to revive the judgment and extend the time period past "the expiration of ten years from the date of the original rendition" of the judgment under that subsection.

> Subsection 2 represents the legislative attempt to ameliorate the harshness of and hardships created by former § 516.350, RSMo 1978, reference child-support or maintenance orders. By reason of subsection 2, the ten-year period with respect to each periodic child-support or maintenance payment runs from the due date of the payment. And each payment "shall be presumed paid and satisfied after the expiration of ten years from the date that periodic payment is due, *unless the judgment has been otherwise revived as set out in subsection 1 of this section.*"

The question of whether a payment made on a judgment for periodic child support that has been "duly entered on the record thereof" revives that judgment for purposes of § 516.350 was answered in *Ferguson* in the affirmative. The judgment of the trial court is affirmed.

CROW, P.J., and PREWITT, J., concur.

---

**4.** This spelling of "Schwartzmann" differs from that which appears in the original reporter.