**Ethel Mae COLEMAN, Plaintiff–Respondent,**

v.

**Jessie COLEMAN, Defendant–Appellant.**

**No. 58745.**

Missouri Court of Appeals, Eastern District, Division One.

July 30, 1991.

Raymond A. Bruntrager, St. Louis, for defendant-appellant.

Tammy F. Wool, St. Louis, for plaintiff-respondent.

PUDLOWSKI, Presiding Judge.

Appellant, Jessie Coleman (hereinafter, Husband), appeals from the denial of his motion to quash garnishment and the findings of the trial court as to the amount of the arrearage owed as child support.

Husband and respondent, Ethel Mae Coleman (hereinafter wife), were divorced on October 17, 1974. At that time pursuant to the dissolution decree husband was ordered to pay wife the sum of $20.00 per week per child for each of the three children born of the marriage, for a total of $60.00 per week.

On March 9, 1990, wife filed a request for a writ of execution and garnishment in the sum of $88,219.55, the total payments due under the original dissolution decree, plus interest at the statutory rate less the following credits: 1) $755.06 payment on May 6, 1986, through the Circuit Court of Cook County, Illinois; 2) $780.00 (11 payments of $80.00 each made from January 14, 1987 to March 28, 1988); and 3) $250.00, the total of two cash payments. On March 13, 1990, the writ of execution was issued. Subsequently, husband filed a motion to quash garnishment.

On May 24, 1990, a hearing on husband's motion to quash was heard and taken under submission. On June 12, 1990, the trial court entered its order denying Husband's motion to quash garnishment. The trial court found that husband failed to make any of the required payments except: a) $100.00 cash payment on November 1, 1975; b) $150.00 cash payment on November 1, 1979; c) $755.00 tax intercept payment on May 6, 1986; d) $294.40 tax intercept payment on June 9, 1987; and e) $780.00 aggregate payments from January 14, 1987 through March 28, 1988 through the Illinois Child Support Enforcement garnishment.

The court also found that the children became emancipated on the following dates: a) Carolyn Ann Coleman emancipated October 11, 1984 (upon her marriage); b) Edward DeWayne Coleman emancipated November 6, 1987, when he reached the age of 21; and c) Loretta Coleman emancipated October 9, 1988, when she moved with her infant child to Los Angeles, California. The court found that wife did not at any time affirmatively waive by acquiescence husband's failure to pay child support and that any payments made by husband to his children were gifts and not child support. The court held that

under § 516.350 RSMo, husband's stipulated payment on the record on May 6, 1986, through the Circuit Court of Cook County, Illinois, served to revive the dissolution decree as to child support payments due after May 6, 1976 and because wife did not file for revival of judgment pursuant to § 516.350 RSMo for any payments due and owing prior to May 6, 1976, wife was barred from collecting payments from October 17, 1974 through May 5, 1976. The court then granted husband credits totaling $1,979.40 and held that he owed principal and interest from May 6, 1976 to the emancipation dates of the three children. The court concluded that husband owed $63,009.88 ($31,820.60 in principal and $31,189.28 in interest).

In the first point on appeal husband alleges that the trial court erred in finding that he owes "arrearages in the amount of $63,009.88 as the testimony of [wife] was so contradictory as it lacked any probative value, therefore, the judgment was not supported by substantial evidence."

In court tried cases the appellate court must affirm the judgment "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). Additionally, where there is conflict in the evidence, the trial court has the prerogative to determine the credibility of the witnesses, accepting or rejecting all, part, or none of the testimony. The judgment is to be affirmed under any reasonable theory supported by the evidence. *Ware v. Ware*, 647 S.W.2d 582, 583–584 (Mo.App.1983). Also, "the appellate court must accept as true the evidence and permissible inferences therefrom favorable to the prevailing party and disregard the contradictory evidence ... deference is accorded the trial judge even if there is evidence which might support a different conclusion." *Id.*

In the present case, the trial court heard conflicting testimony concerning the sums paid by husband to wife and the emancipation dates of each of the three children. The trial court judge stated that she had determined the emancipation dates as best as she could considering the conflicting and unclear testimony of the witnesses. The trial court also found that any payments made by husband to his children were gifts and not child support. There is substantial evidence in the record to support the trial court's findings. Thus, this court is bound by the trial court's findings of facts as to the issues of credibility and the resolution of conflicts lies within the discretion of the trial court. Point denied.

In the second point on appeal husband alleges that the trial court erred in finding that he renewed the judgment by making a payment in 1986 and thus is liable for arrearage for a ten year period back to May, 1976. Husband asserts that any arrearage should be dated from August 31, 1982, the effective date of § 516.350 RSMo 1982, because wife failed to take any action to renew the judgment prior to that date.

Before the 1982 amendment to § 516.350 RSMo 1986, wife would not have been entitled to missed child support payments. *Walls v. Walls*, 620 S.W.2d 11, 12 (Mo.App. 1981). The statute formerly established a ten year limitation period measured from the date of the judgment. *Id.* In this case the divorce decree was entered on October 17, 1974. Thus, under the prior statute wife would have been barred from executing and garnishing husband's wages to enforce the child support award because any renewal of the judgment by virtue of his May, 1986, payment would have come more than ten years after the 1974 judgment. However, the legislature amended this statute in 1982, after the *Walls* case, to provide that the ten-year limitations period would run, not from the date of the judgment, but from the time that a particular periodic payment was due. *Walls v. Walls*, 673 S.W.2d 450, 451 (Mo.App.1984); *In re Marriage of Holt*, 635 S.W.2d 335 (Mo. banc 1982)

In this case husband made a child support payment to wife through the Circuit Court of Cook County, Illinois, and it was duly placed on the record on May 6, 1986. Husband concedes that this action under the terms of the revised statute satisfies the statutory requirement of renewing the

action. *Ferguson v. Ferguson*, 636 S.W.2d 323, 324 (Mo. banc 1982). Husband, however, argues that the renewal in May, 1986, entitles wife to missed payments only back to the effective date of the statute, August 31, 1982. He contends the renewal applies only to payments due after August 31, 1982 until emancipation of the three children. The narrow issue here is whether renewal is effective as to payments missed before the effective date of the statute, but within ten years of the renewal. Here, that is from May 1976 to August 13, 1982.

There is no warrant for husband's strained interpretation of the 1982 amendment. The statute was amended in a "legislative attempt to ameliorate the harshness of the hardships created by its strict application to judgments providing for periodic payments of child support and maintenance." *Ferguson*, 636 S.W.2d 323, *supra* at 324; *Wimmer v. Wimmer*, 690 S.W.2d 475 (Mo.App.1985). The second paragraph of § 516.350 specifically provides:

In any judgment, order or decree awarding child support or maintenance, each periodic payment shall be presumed paid and satisfied after the expiration of ten years from the date that periodic payment is due, unless the judgment has otherwise been revived as set out in subsection 1 of this section. This subsection shall take effect as to all such judgments, orders or decrees which have not been presumed paid under subsection 1 of this section as of August 31, 1982. Section 516.350.2 RSMo 1986.

The first paragraph of § 516.350 dealing generally with "every judgment, order or decree of any court of record of the United States, ... *except* for any judgment, order or decree *awarding child support* ..." [emphasis added], provides that judgments are presumed paid and satisfied after the expiration of ten years from the date of the original judgment, unless (1) "revived upon personal service duly had upon the dependent" then after ten years from and after such revival, or (2) in the case a payment has been made on such judgment, and duly entered upon the record thereof, after the expiration of ten years from the last payment so made. Section 516.350.1 RSMo 1986.

Missouri courts have consistently held that periodic child support judgments that have not been adjudicated to have lapsed are not "presumed paid" within the meaning of the last sentence of § 516.350.2. *In re Marriage of Holt, supra* at 335; *Wimmer, supra* at 477. Holt is the definitive statement of Missouri law, *Demoranville v. Tetreault*, 654 S.W.2d 71, 72 (Mo. banc 1983); and has been consistently followed by the courts of this state. *Wimmer, supra* at 477. *See* also *Sanner v. Forbes*, 651 S.W.2d 139 (Mo. banc 1983); *Stacy v. Stacy*, 641 S.W.2d 452 (Mo.App.1982); *Walls v. Walls, supra* at 450, 451. These cases hold that judgment is revived upon payment and that periodic payment due within ten years of the revival may be collected. Here, the judgment was revived by the payment made on May 6, 1986. Thus, the trial court correctly held that periodic payments due beginning on May 6, 1976, are subject to be collected.

■ There is simply no evidence that in changing the limitations period from ten years from the time of the judgment to ten years from the time of a periodical payment that the legislature intended the new limitations period to apply only to payments due after the effective date of the statute. *See Sanner v. Forbes*, 651 S.W.2d 139 *supra* at 140; *In re Marriage of Holt*, 635 S.W.2d 335, *supra* at 337, 338; *Ferguson*, 636 S.W.2d 323 *supra* at 324; *Ivie v. Missouri Department of Social Services*, 793 S.W.2d 212 (Mo.App.1990). Indeed, under husband's interpretation of the statute if wife had renewed judgment on September 1, 1982, the new rule would have provided her no benefit whatsoever. In order to vindicate the legislature's presumed intention to provide effective relief the statute must be construed, as Wife contends, to include all periodical payments as due before or after August 31, 1982, within the ten year limitation period.

The order of the trial court is affirmed.

KAROHL and GRIMM, JJ., concur.