James J. LEIGHTNER, Trustee of the Revocable Living Trust of Steven G. Schumaier U/A Dated December 16, 1999, Plaintiff/Respondent,

v.

UMB Bank, N.A., and Southwest Bank of St. Louis, Defendants/Respondents,

and

Cassandra Jill Schumaier, Defendant/Appellant.

No. ED 81697.

Missouri Court of Appeals,
Eastern District,
Division One.

May 13, 2003.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 26, 2003.

Katharyn B. Davis, St. Louis, MO, for appellant.

Charles E. Taylor, William L. Sauerwein, St. Louis, MO, for respondents.

ROBERT G. DOWD, JR., Presiding Judge.

Cassandra Jill Schumaier (Wife) appeals from the trial court's judgment entered in favor of James J. Leightner, Trustee of the Revocable Living Trust of Steven G. Schumaier U/A Dated December 16, 1999 (Trustee), UMB Bank, N.A. (UMB), and

Southwest Bank of St. Louis (Southwest) finding Wife did not hold a lien against Steven G. Schumaier's (Husband) real estate pursuant to a June 9, 1999 judgment. Wife argues the trial court erred in finding (1) that the June 9, 1999 judgment was an award for periodic maintenance; (2) Wife failed to perfect her judgment lien; (3) Wife's exclusive remedy for collecting the judgment against Husband is to make a claim against his estate; (4) Wife could pursue her judgment lien against the real estate in the probate estate because the property was transferred to the trust and, therefore, not included in Husband's probate estate; and (5) the June 9, 1999 judgment never became a lien on Husband's real estate. We reverse and remand.

Wife and Husband's marriage was dissolved on January 3, 1995. There were three children born of the marriage. A judgment was entered providing for both maintenance in the amount of $3,500 per month and child support in the amount of $2,155 per month. Husband initiated proceedings to modify maintenance and to settle various other disputes. The court entered a detailed judgment on June 9, 1999.

For several years prior to the hearing on the motions, Wife was found to have voluntarily deferred the receipt of previous maintenance payments that accumulated into a $119,720 arrearage. The court stated in its judgment that "[Wife] never agreed to modify the maintenance but merely agreed to defer the payment by [Husband] of the $2,500 per month principal amount not paid until he was in a better financial position and better able to pay." In the June 9, 1999 judgment, the court ordered Husband's maintenance and child support amounts reduced. The court ordered Wife to file an amended wage withholding "consistent with child support ($895), maintenance ($2,500) and mainte-

nance arrearage ($119,720) orders entered herein." Husband appealed the June 9, 1999 judgment. The judgment was affirmed on appeal. *Schumaier v. Schumaier*, 27 S.W.3d 490 (Mo.App. E.D.2000).

After the marriage was dissolved, Husband acquired a piece of residential real estate known as 515 Rotherwood located in St. Louis County. On July 10, 1995, Husband executed a deed in favor of UMB, whereby he pledged the real estate as security for a promissory note in favor of UMB in the principal amount of $115,500. Thereafter, on March 14, 2000, Husband conveyed the real estate to a trust, The Revocable Living Trust of Steven G. Schumaier U/A December 16, 1999, by Quit-Claim Deed. After the real estate was conveyed to the trust, the trust executed a deed in favor of Southwest, whereby the trust pledged the real estate as security for indebtedness in favor of Southwest for the principal amount of $50,000. Husband died August 8, 2001.

On April 15, 2002, UMB initiated foreclosure proceedings under its first-priority deed of trust. Thereafter, Wife published notice of a foreclosure sale and scheduled a sheriff's sale of the real estate based on the theory that Wife's June 9, 1999 judgment for $119,720 constituted a lien against the real estate. Trustee filed a petition for declaratory and injunctive relief and moved for a temporary restraining order to enjoin the UMB foreclosure and Wife's execution sale. Southwest also moved for a temporary restraining order. The trial court granted a temporary restraining order. Prior to the hearing, the parties consented to submit the case to the trial court based on the record and memoranda of law filed with the trial court.

Thereafter, the trial court found Wife's June 9, 1999 judgment was an award of periodic maintenance and child support. The trial court further found that Wife had

not undertaken affirmative acts to perfect a lien for periodic maintenance against the real estate. The trial court reaffirmed that UMB's deed of trust was the first-priority lien and found Southwest's deed of trust was the second-priority lien against the real estate. The trial court found that Wife held no right, title, or interest in the real estate, and that her execution thereon was wrongful, void, and without legal effect.

■ Appellate review of a judge-tried case is governed by *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). On appeal, the trial court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32.

■ In her first point, Wife argues the trial court erred in finding that the June 9, 1999 judgment for $119,720 in arrearage was an award for periodic maintenance. Specifically, Wife contends the arrearage amount in June 9, 1999 judgment was a sum certain award for the past due maintenance. Trustee, UMB, and Southwest maintain that the June 9, 1999 judgment, including the arrearage, was an award for periodic maintenance that comes under Chapter 454, RSMo 2000.[1]

■ The June 9, 1999 judgment was a judgment for new periodic maintenance and child support amounts. However, the court, in the June 9, 1999 judgment, also entered a sum certain amount of past arrearage in the amount of $119,720. This specific determination of the arrearage amount is not an award of periodic maintenance. Periodic maintenance is aimed at the future and the receiving spouse's future needs and is subject to future modifications. *In re Marriage of Holt,* 635 S.W.2d 335, 337 (Mo. banc 1982). The

award for arrearage here is not an award for future needs, but, like other general judgments, is a remedy for a past wrong in sum certain and is not subject to modification. *See Id.* Because the June 9, 1999 judgment for arrearage in the amount of $119,720 was not an award of periodic maintenance, it does not come within Chapter 454.

■ The arrearage award is also not a "maintenance in gross" award. A "maintenance in gross" award or a lump sum judgment for maintenance is prohibited in Missouri. *Cates v. Cates,* 819 S.W.2d 731 (Mo. banc 1991). The arrearage amount represents the calculated maintenance that was past due and now owed to Wife and does not represent the current need-based maintenance. Thus, we find the June 9, 1999 judgment awarding Wife $119,720 in arrearages was a general judgment.

■ Trustee, UMB, and Southwest contend the court in the June 9, 1999 judgment did not award Wife a lump sum but instead ordered Wife to effectuate a wage withholding to recover the new maintenance and child support amounts and the $119,720 in arrearages. Trustee, UMB, and Southwest maintain that the fact that the court did not order Husband to pay the arrearage amount in a lump sum within the judgment precludes the judgment from becoming an automatic lien. We are not persuaded by their contention. The court in the June 9, 1999 judgment found Husband to be in arrearage in the amount of $119,720 owed to Wife. The fact that the court suggested a wage withholding to collect upon the judgment does not affect its status as judgment for $119,720. After the June 9, 1999 judgment, Wife had a judgment for $119,720 against Husband. Wife could have executed the judgment in

---

1. All further statutory references are to RSMo 2000 unless otherwise indicated.

full for the lump sum of $119,720 at that time.

Trustee, UMB, and Southwest also argue, and the trial court found, that the June 9, 1999 judgment could not be an automatic lien on Husband's real estate because Wife did not perfect her lien pursuant to Section 454.515.[2] We have already determined that the arrearage portion of the June 9, 1999 judgment was not a judgment for periodic maintenance, but rather was a general judgment for past-due maintenance. As a general judgment, the judgment for $119,720 became an automatic lien on Husband's real estate pursuant to Rule 74.08[3] and Section 511.360, RSMo Cum.Supp.2002.[4] Thus, Wife did not need to do anything to perfect her lien against real estate. Furthermore, the execution on the June 9, 1999 judgment was filed on May 10, 2002, well within the time period provided for in Section 511.360, RSMo Cum.Supp.2002. The trial court erred in finding the June 9, 1999 judgment was a judgment for periodic maintenance and, therefore, did not become a lien on Husband's real estate. Wife's point is granted.

Because Wife's first point is dispositive, we need not address her remaining points. The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

HOFF, J., concurs.

DRAPER, J., dissents.

GEORGE W. DRAPER III, Judge.

I respectfully dissent. The trial court here issued an overall judgment for periodic maintenance which included a statement of arrearage for past due maintenance. Section 454.515 RSMo (2000) allows for family court judgments to be recorded as liens upon which past due monetary judgments may be collected. Therefore, I see no reason for this Court to hold that a discrete portion of an entire judgment should be ascertainable in and of itself as a general judgment which is then capable of being re-

2. Section 454.515 provides:
   A judgment or order for child support or maintenance payable in periodic installments shall not be a lien on the real estate of the person against whom the judgment or order is rendered until the person entitled to receive payments pursuant to the judgment or order, the division or IV–D agency files a lien and the lien is recorded in the office of the circuit clerk of any county in this state in which said real estate is situated in the manner provided for by the Supreme Court and chapter 511, RSMo.

3. Rule 74.08 provides:
   Except as provided in chapter 454, RSMo, or chapter 517, RSMo, the lien of a judgment commences upon the entry of the judgment, continues for a period of ten years, and is revived by a revival judgment.

4. Section 511.360, RSMo Cum.Supp.2002, provides:

The lien of a judgment or decree shall extend as well to the real estate acquired after the rendition thereof, as to that which was owned when the judgment or decree was rendered. Such liens shall commence on the day of the rendition of the judgment, and shall continue for ten years, subject to be revived as herein provided; but when two or more judgments or decrees are rendered at the same time, as between parties entitled to such judgments or decrees, the lien shall commence on the last day of the term at which they are rendered. The provisions of this section relating to the duration of the lien on real estate shall apply only to judgments or decrees rendered or revived after August 28, 1998, and, for all such judgments or decrees entered prior to such date, the lien of such judgment or decree shall continue for three years from the date such lien commenced.

corded as a lien immediately upon entry pursuant to Rule 74.08.