Juliet E. JOHNSON, Appellant,

v.

Leroy JOHNSON, Respondent.

No. WD 54057.

Missouri Court of Appeals,
Western District.

March 31, 1998.

Susan West Noland, North Kansas City, for Appellant.

Patrick Campbell, Kansas City, for Respondent.

Before BRECKENRIDGE, P.J., and LOWENSTEIN and SPINDEN, JJ.

SPINDEN, Judge.

Juliet E. Gumby, formerly Juliet E. Johnson,[1] appeals the circuit court's judgment because it did not award accrued interest on child support payments which were more than 10 years delinquent. Her former husband, Leroy Johnson, contends that the circuit court correctly presumed the interest to be paid. We reverse the circuit court's judgment and remand.

This action originated when Johnson asked the circuit court to declare the couple's two children emancipated and that he was no longer obligated to pay child support. Gumby filed an answer and cross-motion for modification of child support. The couple stipulated that Johnson owed $20,726.45 in unpaid child support dating back to 1976 and that he owed $33,470.89 in interest for amounts unpaid from December 3, 1976, to October 1, 1986, and $36,687.66 in interest for unpaid amounts from October 1, 1986, to September 30, 1996. The only issue contested by Johnson was whether Gumby should be barred from claiming interest for child support owed before October 1, 1986. The circuit court ruled in Johnson's favor on that issue and ordered him to pay interest only for amounts owed since October 1, 1986.

Gumby contends on appeal that the circuit court's not ordering Johnson to pay interest for amounts owed before October 1, 1986, was reversible error because the circuit court was obligated by law to order the interest. She argues that statutory interest automatically accrued because Johnson revived the judgment ordering child support by making payments on the record. Johnson admits that his payments revived the circuit court's judgment but contends that they did not revive his obligation to pay interest.

---

1. After divorce proceedings began, Juliet Johnson changed her last name to Gumby. The record does not indicate the reason for the change.

Section 454.520[2] governs the accrual of interest on delinquent child support payments:

1. All delinquent child support and maintenance payments which have accrued based upon judgments or orders of courts of this state entered prior to September 29, 1979, shall draw interest at the rate of six percent per annum through September 28, 1979; at the rate of nine percent per annum from September 29, 1979, through August 31, 1982; and thereafter at the rate of one percent per month.

. . . .

4. The interest imposed under [subsection 1] of this section shall be simple interest. Interest shall accrue at the close of the business day on the last day of each month and shall be calculated by multiplying the total arrearage existing at the end of the day, less the amount of that month's installments, by the applicable rate of interest. The total amount of interest collectible is the sum of the interest which has accrued on the last day of each month following the first delinquent payment. This interest computation method shall apply to all support and maintenance orders, regardless of the frequency of the installments required by the court. . . . *The interest imposed under this section shall automatically accrue and attach to the underlying support or maintenance judgment or order,*[3] and may be collected together with the arrearage, except that no payment or collection shall be construed to be interest until the entire support arrearage has been satisfied. Such interest shall be considered support or maintenance for the purposes of exemptions, restrictions on amounts which may be recovered by garnishment, and nondischargeability in bankruptcy.

Section 516.350 governs revival of judgments:

1. Every judgment, order or decree of any court of record of the United States, or of this or any other state, territory or country, except for any judgment, order, or decree awarding child support or maintenance which mandates the making of payments over a period of time, shall be presumed to be paid and satisfied after the expiration of ten years from the date of the original rendition thereof, or if the same has been revived upon personal service duly had upon the defendant or defendants therein, then after ten years from and after such revival, or in case a payment has been made on such judgment, order or decree, and duly entered upon the record thereof, after the expiration of ten years from the last payment so made, and after the expiration of ten years from the date of the original rendition or revival upon personal service, or from the date of the last payment, such judgment shall be conclusively presumed to be paid, and no execution, order or process shall issue thereon, nor shall any suit be brought, had or maintained thereon for any purpose whatever.

2. In any judgment, order, or decree awarding child support or maintenance, each periodic payment shall be presumed paid and satisfied after the expiration of ten years from the date that periodic payment is due, unless the judgment has been otherwise revived as set out in subsection 1 of this section. This subsection shall take effect as to all such judgments, orders, or decrees which have not been presumed paid under subsection 1 of this section as of August 31, 1982.

Section 454.520.4's provision that interest "shall automatically accrue and attach to the underlying support or maintenance judgment or order" makes assessment of interest for unpaid child support mandatory. *Baird v. Baird*, 843 S.W.2d 388, 390 (Mo.App.1992). Although the issue of whether interest could be presumed paid was not directly raised, this court has affirmed orders requiring interest on delinquent child support or maintenance obligations originally entered more

---

2. All citations to statutes refer to the 1994 Revised Statutes.

3. We added the emphasis.

than 10 years before the order. *Spangler v. Spangler*, 831 S.W.2d 256, 260 (Mo.App. 1992); *Burton v. Everett*, 845 S.W.2d 710, 716 (Mo.App.1993); *Lammers v. Lammers*, 884 S.W.2d 389, 394 (Mo.App.1994). Johnson has not directed us to any cases—nor have we found any—supporting his contention that interest accrued on delinquent child support obligations is presumed paid under § 516.350 when the underlying support obligation has been revived by payments on the record.

The circuit court erred by not awarding interest on the delinquent child support payments for which Johnson was obligated before October 1, 1986. We remand for the circuit court to modify its judgment.

BRECKENRIDGE, P.J., and LOWENSTEIN, J., concur.