In re the Marriage of Linda D.
LOMBARD and Sammy R.
Lombard.

Linda D. Lombard, Petitioner–
Appellant,

v.

Sammy R. Lombard, Respondent–
Respondent.

No. 22519.

Missouri Court of Appeals,
Southern District,
Division Two.

May 28, 1999.

Susan S. Jensen, Pratt & Fossard,
Springfield, Attorney for Appellant.

Michael J. Sweeney, Burke & Sweeney,
P.C., Springfield, Attorney for Respon-
dent.

PHILLIP R. GARRISON, Chief Judge.

This is an appeal from an order declar-
ing that a previous judgment for child
support was satisfied. The child support
award was part of a decree of dissolution
of marriage entered on September 23,
1977, in which Sammy R. Lombard ("Fa-
ther") was ordered to pay Linda D. Lom-
bard ("Mother") $100 per month for T.L.,
a ten-year old girl, $100 per month for
R.L., a six-year old boy, and $50 per
month for J.L., a two-year old boy. While
Father initially made some payments on
the child support obligations, many of the
payments were for less than the amount
owing, with the result that a growing accu-
mulated arrearage developed. The parties
agree that T.L. was not emancipated prior
to her death in August 1985; R.L. was
emancipated when he quit attending col-
lege in January 1991; and J.L. was eman-
cipated when he quit attending college in
February 1996. Father stopped making
any child support payments after paying
$150 in March 1996.

On August 26, 1996, Husband filed a
motion for an order showing satisfaction of
the child support judgment. His second
amended motion was filed on August 14,
1997. After an evidentiary hearing, the
trial court entered the order from which
this appeal flows, to wit: it held that there
was no record in the circuit clerk's office
pertaining to any child support payments
made by Father, and no activity after Oc-
tober 19, 1977, until Father's motion was
filed; the child support arrearages were

time barred pursuant to Section 516.350[1]; and the child support obligations from the September 1977 judgment were satisfied. Mother appeals.

As in other court-tried cases, the judgment of the trial court will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. Rule 73.01(c); *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976).

■ *Mother's sole point on appeal is:*
The trial court erred in holding that [Father's] child support obligation was satisfied because the evidence presented showed [Father] owed [Mother] $13,061.50 at the time of trial in child support and interest and [Mother's] claim for child support and interest was not time barred because [Father's] filing of his motion for order showing satisfaction of judgment revived the judgment of child support back to August 14, 1987 and the arrearage owed by [Father] accrued since August 14, 1987.

Section 516.350.2 provides, in pertinent part:
In any judgment, order, or decree awarding child support or maintenance, each periodic payment shall be presumed paid and satisfied after the expiration of ten years from the date that periodic payment is due, unless the judgment has been otherwise revived as set out in subsection 1 of this section. . . .

Pursuant to Section 516.350.1, such a judgment may be revived by personal service upon the party owing the obligation, or by a payment on the judgment which is duly entered upon the record. *Ivie v. Dept. of Social Services,* 793 S.W.2d 212, 215 (Mo. App. S.D.1990). *See Ferguson v. Ferguson,* 636 S.W.2d 323, 324 (Mo. banc 1982).

In the instant case, the trial court found that prior to Father's motion which is the subject of this case, there had been no child support payments made on the record and no other activity since October 19, 1977. Neither party contests that finding. Mother argues, however, that by filing the motion for an order showing satisfaction of the child support judgment, Father invoked the jurisdiction of the court as of August 14, 1997 (the date he filed his second amended motion), and thereby revived the child support judgment back to August 14, 1987. Father agrees with this premise. Both parties cite *Sparks v. Trantham,* 814 S.W.2d 621 (Mo.App. S.D. 1991), for the proposition that by invoking the jurisdiction of the court to determine the status of a child support judgment, that judgment is revived and only child support payments which accrued more than ten years prior to the filing of the action are barred. They therefore agree that the judgment in this case was revived back to August 14, 1987.[2]

■ Mother contends that the $13,061.50 she claims owing under the judgment accrued after August 14, 1987. In support of that theory, she points to an exhibit (Petitioner's Exhibit 1) that she introduced at the evidentiary hearing held on Father's motion. Exhibit 1 is a chronological chart beginning in March 1978 and ending in January 1998. The chart shows the amount of child support that was due each month, the amount paid each month, any arrearage for each month, the cumula-

1. All statutory references are to RSMo 1994 and all rule references are to Missouri Rules of Civil Procedure (1998), unless otherwise indicated.

2. Mother acknowledges the provisions of Rule 55.33(c) which provide that if a claim asserted in an amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading, the amendment relates back to the date of the original pleading. Although Father's original motion was filed on August 26, 1996, the parties seem to agree that the date of the second amended motion is controlling in so far as determining the date to which the judgment was revived, and thus they agree that the judgment was revived back to August 14, 1987. We will abide by this agreement of the parties.

tive arrearage for each month, the amount of interest accrued each month on the cumulative arrearage, the cumulative amount of interest due as of each month, the amount of support and interest due as of each month, and the date on which any amount due for each month was actually paid.

As we understand Wife's contention, the last category shown on Exhibit 1 (the date on which any amount due for each month was actually paid) demonstrates the accrual of amounts owing after August 14, 1987. This is by reason of the fact that she applied payments received to the oldest arrearage. For instance, the payment made in August 1987 was applied to the payment that became due in August 1984. She argues in her brief that by this method of application of payments, Father "only paid enough to satisfy the child support obligation due through August 1993," and he has "not paid enough to pay any of the interest due." It is true that this method of application of tardy child support payments has found judicial approval. In *Burton v. Everett*, 845 S.W.2d 710, 716 (Mo.App. W.D.1993), the court said that it was appropriate to apply child support payments made to the oldest debt due in order to avoid the running of the statute of limitations.

Exhibit 1 demonstrates that, as of August 1987, there was a cumulative arrearage of child support of $6,784 and accrued interest of $5,130.50, for a total amount then due of $11,914.50. Exhibit 1 also demonstrates that all payments made by Father were applied to the oldest delinquent child support payments and none were applied to the accrued interest. As a result, when further child support obli-

gations ceased as of March 1996, there was a cumulative arrearage of child support of $1,884 and cumulative accrued interest of $10,763.02. By the time of trial, the cumulative interest had risen to $11,177.50 which, together with the child support arrearage of $1,884, totals the $13,061.50 claimed by Wife to have accrued after August 14, 1987, and to therefore be free from the bar of the statute of limitations. It is apparent from Exhibit 1 that, as a result of applying payments to the oldest arrearages, the $1,884 still owing in child support accrued after August 14, 1987.[3]

Wife argues that collection of any support obligation "and interest attaching to that obligation," accruing since August 14, 1987, is not time-barred. Section 454.520 governs the accrual of interest on delinquent child support payments, and provides, in part:

> The interest imposed under this section shall automatically accrue and attach to the underlying support or maintenance judgment or order, and may be collected together with the arrearage, except that no payment or collection shall be construed to be interest until the entire support arrearage has been satisfied. Such interest shall be considered support or maintenance for the purposes of exemptions, restrictions on amounts which may be recovered by garnishment, and nondischargeability in bankruptcy.

The provisions of this statute make the assessment of interest for unpaid child support mandatory. *Johnson v. Johnson*, 965 S.W.2d 943, 944 (Mo.App. W.D.1998). In *Johnson*, the issue was whether the revival of a judgment for child support also revived the obligation to pay interest on

---

**3.** Section 516.350.2 specifies that the ten-year statute of limitations runs from the date each child support payment is due. It is apparent from the plain language of this section that the statute applies separately to each individual periodic payment so that, unless revived, the statute runs as to each payment due ten years after its due date. Said another way, each periodic child support payment has its own separate ten-year period of limitation. *Sparks*, 814 S.W.2d at 626 (citing *Ferguson*, 636 S.W.2d at 324). In the instant case, Exhibit 1 demonstrates that, by applying each payment to the oldest arrearage, the time limitation of Section 516.350.2 had not expired as to any child support payment due by the time it was satisfied.

delinquent payments. There, the underlying judgment for child support was revived by payments on the record, but the father who was obligated to make the payments contended that the interest accrued on the delinquent payments was presumed paid under Section 516.350, notwithstanding that the underlying support obligation had been revived by payments on the record. The court disagreed, and held that the trial court should have awarded interest on the delinquent payments for which the father was obligated. *Id.* at 945.

The effect of *Johnson* is that revival of a child support judgment results in the obligor being responsible for interest on the child support payments for which he or she is obligated. As applied to this case, Father is responsible for interest on any child support payments that accrued after August 14, 1987.

Based on the fact that there were child support payments that accrued after August 14, 1987, as well as interest that attached to those payments, the trial court erroneously applied the law in ordering that the judgment for child support was satisfied. The judgment of the trial court is therefore reversed.

MONTGOMERY, J., and BARNEY, J., concur.