

# Missouri Court of Appeals

### Southern District

### Division Two

In re the Marriage of Karen L. Uelsmann
and David Uelsmann

KAREN L. UELSMANN,

    Petitioner/Respondent-Appellant,

MO DEPARTMENT OF SOCIAL
SERVICES, FAMILY SUPPORT
DIVISION,

    Interested Party,

vs.

DAVID UELSMANN,

    Respondent/Movant-Respondent.

No. SD33763

**Filed: November 12, 2015**

### APPEAL FROM THE CIRCUIT COURT OF SCOTT COUNTY

Honorable David Dolan, Circuit Judge

### **AFFIRMED**

The Uelsmanns were divorced in 1998; David Uelsmann ("Father") was ordered to pay child support to Karen L. Uelsmann ("Mother"). In the following years, Father was imprisoned and the child spent time with Mother and with her paternal grandparents. After Father was released from prison, in September 2011, he filed a motion to emancipate the minor child and for

1

a judicial determination of child support arrearages. He alleged that a child support calculation determination from the Family Support Division ("the Division") was incorrect because 1) the minor child did not reside with Mother for significant periods of time, 2) the ten-year statute of limitations would be applicable, 3) the minor child was emancipated, and 4) Father was in jail for significant periods of time during which child support was accumulating. Mother filed an answer and cross-motion for judicial determination of child support arrearage and interest. The Division answered and provided the amount of the State debt.

There is no dispute that the child was in the custody of the paternal grandmother under an order of guardianship from October 2001 until October 2004, again for one month in 2005, and "off and on" thereafter. The child was in the care of her sister from October 2007 until May 2009 under a power of attorney from Mother. While the child was in the custody of the paternal grandmother, Mother paid child support to grandmother from 2001 until 2004. The Division calculated child support in the amount of $9,084.63, as adjusted for the statute of limitations and accounting for the times the child was not in the actual custody of Mother; the Division did not calculate or collect interest on child support arrears pursuant to the Division's policy.

The court initially entered a judgment on the due child support and retroactively modified Father's child support obligation from $350.00 per month to $18.00 per month. Mother filed a motion to set aside and a motion for new trial, which was granted. In the new judgment, the court found that the "equities of the circumstances" demanded that Father be released from back child support and specifically found the specific custody arrangements as set forth above. The court found that any support to Mother would be unjust and inequitable enrichment; however, it awarded the Division a judgment in the amount of $2,054.08 for benefits while the child was in the care of the grandparents.

2

Mother brings three points on appeal: (1) a claim that Father failed to raise the issue of equitable abatement of child support in his pleadings and, thus, could not be granted judgment on such a basis; (2) a claim that Father failed to prove the necessary elements to receive equitable relief because he made no allegation of the inadequacies of legal remedies available to him, and (3) a claim of error in granting Mother's request for interest on child support arrears because, under section 454.520,[1] interest is mandatory. Our standard of review is as follows:

> We will affirm the trial court's judgment of dissolution of marriage unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976). We view the evidence and permissible inferences therefrom in the light most favorable to the trial court's judgment and disregard all contrary evidence and inferences. *Maninger v. Maninger,* 106 S.W.3d 4, 9 (Mo.App.E.D.2003). Where the testimony is in conflict, we defer to the trial court's determinations of witness credibility. *Vanderpool v. Vanderpool,* 250 S.W.3d 791, 795 (Mo.App.S.D.2008).

Further, the equitable doctrine of abatement of child support focuses primarily on whether the child has received adequate support and on whether an award of back support would represent unjust enrichment to the custodial parent. **Ballard v. Hendricks**, 877 S.W.2d 232, 236 (Mo.App. W.D. 1994).

In Point I, Mother argues that Father did not request an equitable abatement of child support, but merely a recalculation of his child support arrearage. Mother further contends that Father did not ask the trial court to amend his pleading to seek equitable abatement. Father counters that the issue of how much child support was owed by him was before the court and that necessarily included a possible finding that no child support would be owed. The court was requested by Father to determine the periods of time that the child was being raised by others and not Mother. Mother contends that just the portion of the judgment which cut out all support

---

[1] All references to statutes are to RSMo 2000, unless otherwise specified.

should be reversed; in other words, Father would not owe child support for the periods of time the child was not in her care or prior to the statute of limitations. The total support owed by Father would be for 34 months, for a total of $9,084.63, and the findings of the court concerning the specific time the child was in the care of the grandmother and sister would still stand. What Mother is contending should occur in this Court constitutes the doctrine of equitable abatement.

It is clear that from Father's pleading Mother was put on notice that Father was contending the child support calculations were wrong and that one of the specific reasons for the error was that the minor child spent "significant" periods of time in other people's custody. The pleadings are broad enough to encompass equitable abatement. Point I is denied.

In her second point, Mother contends that a judgment for equitable abatement is error because Father did not allege the inadequacies of legal remedies available to him in his pleadings. Mother contends that Father had legal remedies to modify the support or to modify custody to reflect the actual living arrangements of the child. She cites *Weber v. Deming*, 292 S.W.3d 915, 919 (Mo.App. W.D. 2009), for the proposition that Father's remedy was to modify the existing support order. Father counters that Mother did not raise the issue that Father's pleadings were inadequate in failing to raise an issue of an adequate remedy at law. We have addressed the adequacy of the pleadings in Point I. Mother was on notice that Father was seeking equitable relief for the periods of time that the child was not in Mother's custody. The court asked the parties to provide the periods of time that the child was not in Mother's care.

4

Father was not obligated to aver that he had no legal remedy available to him in order to request equitable abatement. Point II is denied.[2]

In her third point, Mother contends that interest on the child support is mandatory. Mother is correct. Section 454.520 provides that interest on support obligations is mandatory. *Lueckenotte v. Lueckenotte*, 34 S.W.3d 387, 396 (Mo. banc 2001); *Johnson v. Johnson*, 965 S.W.2d 943, 944 (Mo.App. W.D. 1998). Father responds that since Mother was awarded no support that no interest is due. We agree. Because we have determined that no support is owed to Mother pursuant to the divorce decree, we must reject Mother's contentions. Point III is denied.

The judgment is affirmed.


Nancy Steffen Rahmeyer, J. - Opinion Author

Don E. Burrell, P.J. - Concurs

William W. Francis, Jr., J. - Concurs

---

[2] It is clear that the court did have the equitable authority to abate the child support during the time that the child was in the custody of others, and that Father requested that the court do so. Despite the findings of the court of the specific times that the child was with her grandmother and sister, the court also found that the Petitioner "never provided any support for [the child]." The implication from that finding is that Mother did not provide adequate support to the child outside the periods of time that she was formally in other's custody. The court found that "grandparents or other relatives provided the child with a stable home and with more than adequate care and support for most of the child's life." Equitable abatement is resolved on a case-by-case basis. *Ballard*, 877 S.W.2d at 236 ("The equitable doctrine allowing the obligated parent credit against arrearages in child support collection proceedings is applied on a case by case basis."). Mother did not agree with the total abatement of all child support but did not challenge the sufficiency of the evidence to support total abatement in this Court.